# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL CRUMMETT<br>3230 Gunston Road<br>Alexandria, VA  22302<br><br>          Plaintiff,<br><br>     vs.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY<br>One Madison Avenue<br>New York, NY  10010-3690,<br><br>THE BUREAU OF NATIONAL<br>AFFAIRS, INC.<br>1231 25th Street, N.W.<br>Washington, D.C.  20037<br><br>THE BUREAU OF NATIONAL<br>AFFAIRS, INC. LONG TERM<br>DISABILITY GROUP POLICY<br>1231 25th Street, N.W.<br>Washington, D.C.  20037<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff Cheryl L. Crummett ("Plaintiff") alleges as follows:

1. This case is a claim for violation of statutory provisions of, and clarification of rights to disability benefits under, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and for breaches of fiduciary duties under ERISA.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the federal claims in this action by virtue of 29 U.S.C. § 1132(e) and 28 U.S.C. §§ 1331 and 1332 because this is a civil action arising under the laws of the United States and because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

3. Venue in this district is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(a), inasmuch as this is the district where the breach took place and where at least two of the defendants reside or may be found.

**PARTIES**

4. Plaintiff is an adult female male citizen of the United States, residing at 3230 Gunston Road, Alexandria, VA 22302.

5. Defendant The Bureau of National Affairs, Inc. Long Term Disability Group Policy (the "Plan") is an employee welfare benefit plan within the meaning of section 3(1) and (3) of ERISA, under which Plaintiff applied for long-term disability benefits. The Plan has an address at 1231 25th Street, NW, Washington, DC 20037.

6. Defendant Metropolitan Life Insurance Company ("MetLife") is the designated claims administrator of the Plan, has discretion and authority to make initial and final determinations under the Plan and, therefore, is a fiduciary with respect to the Plan within the meaning of section 3(21) of ERISA. MetLife has its principal address at One Madison Avenue, New York, NY 10010-3690.

7. Defendant The Bureau of National Affairs, Inc. ("BNA") is the designated "Plan Administrator," and is the "Plan Sponsor," of the Plan within the meaning of section 3(16)(A) and (B) of ERISA, and therefore is a fiduciary with respect to the Plan

within the meaning of section 3(21) of ERISA.  BNA has its principal address 1231 25th Street, NW, Washington, DC 20037..

## FACTS

8.	By virtue of her status as an employee of BNA, Plaintiff was eligible to participate in the Plan.

9.	As relevant here, the Plan defines "Disabled" and/or "Disability" to mean that:

> [D]ue to sickness … you are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and you are unable to earn … during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy…."

10.	The Plan defines "Sickness" to mean "illness, disease or pregnancy, including complications from pregnancy."

11.	During her employment with the Company, Plaintiff became eligible for long term disability benefits under the Plan due to a serious illness and disease.  Plaintiff applied for benefits under the Plan in late 2005.

12.	By letter dated February 20, 2006, MetLife denied Plaintiff's claim for benefits under the Plan.  In its February 20, 2006 letter, MetLife noted that, in order to grant benefits, it would require medical documentation from December 9, 2005 through March 8, 2006.

13.	Plaintiff subsequently provided MetLife with the aforementioned medical documentation.

14.	By letter dated April 7, 2006, MetLife once again denied Plaintiff's claim for benefits under the Plan.   In its April 7, 2006 letter MetLife asserted that, although

Plaintiff had previously been diagnosed with fibromyalgia, its was denying her claim because there allegedly was no medical documentation provided to indicate that Plaintiff was currently receiving treatment for fibromyalgia.  In its letter, MetLife also asserted that "although you have fibromyalgia, there is no clinical evidence to support you are prevented from performing the functional duties of your sedentary job as an account executive."  Finally, MetLife noted that Plaintiff had the right to appeal this decision and could send additional medical documentation to perfect her claim.

        15.    Plaintiff subsequently appealed MetLife's further denial of her claim and submitted the aforementioned medical documentation to MetLife.  In support of her appeal, Plaintiff included a letter from one of her attending physicians, Dr. Norman W. Levin, that explicitly stated that Plaintiff suffered from "Fibromyalgia [and] Chronic Fatigue Syndrome" (among other conditions) that caused Plaintiff to be "unable to work at her current or any other job because of severe pain, fatigue and cognitive dysfunction."  Plaintiff also submitted a new medical report from Dr. Levin that specifically diagnosed Plaintiff with Fibromyalgia and Malaise & Fatigue (CFIDS), that specifically noted that Dr. Levin had advised Plaintiff that she should not return to work with BNA because of these illnesses.  Plaintiff also submitted a medical report from Dr. Mayo F. Friedlis and Maggie Blouse (PA-C) that specifically noted that Plaintiff had, among other conditions, the following:  sacroiliac joint dysfunction, bilateral sacroilitis, cervical facet spondylosis, myofascial pain/fibromyalgia, chronic fatigue syndrome.  This report also noted that Plaintiff "is disabled from any work at this time primarily due to her lower back pain."  The report from Dr. Frielis and Ms. Blose also specifically noted that Plaintiff suffered from gait dysfunction.

4

16. In support of her appeal, Plaintiff also noted her willingness to submit to an Independent Medical Examination ("IME") by a physician chosen by MetLife. In response, MetLife did not ask Plaintiff to submit to the IME.

17. By letter dated July 14, 2006, MetLife denied Plaintiff's appeal of the denial of her claim for disability benefits. The July 14, 2006 letter made no mention of Dr. Levin's notes/reports and finding that Plaintiff was disabled from working in any capacity due to fibromyalgia. The July 14, 2006 letter also noted that the denial of the appeal was based, in part, on the fact that Plaintiff's "gait is consistently documented as normal."

18. It is clear from MetLife's July 14, 2006 letter that MetLife relied upon evidence selectively chosen. Specifically, it is clear from the letter that the MetLife failed to consider any of the medical documentation submitted by Plaintiff on appeal. Even the most cursory review of this information would have made clear that Plaintiff's rheumatologist and other attending physicians had specifically noted that Plaintiff was unable to work in any occupation due to her fibromyalgia – and there was absolutely no evidence in the record to the contrary. It is also clear from the letter that MetLife and its consulting physicians ignored the medical documentation submitted by Plaintiff because that documentation clearly stated - contrary to MetLife's assertion – that Plaintiff's gait was dysfunctional.

**COUNT I – Against All Defendants**
**Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)**

19. The averments of paragraph 1 through 18 are incorporated herein by reference.

5

20. Plaintiff has exhausted her administrative remedies under the terms of the Plan.

21. Plaintiff was and is entitled to long term disability benefits under the terms of the Plan.

22. MetLife operated under a clear conflict of interest because, among other things, the Plan is funded by MetLife and MetLife is responsible for administering the Plan and making benefits determinations.

23. Defendants' denial of Plaintiff's long term disability benefits was wrongful, based on evidence selectively chosen, and in violation of the terms and conditions of the Plan because Plaintiff has presented Defendant with clear evidence of her inability to work in any capacity due to a serious medical illness. Defendant's decision to deny Plaintiff's disability benefits therefore was arbitrary and capricious.

24. The Court should apply a *de novo* or heightened arbitrary and capricious standard of review to Defendants' decision to deny Plaintiff disability benefits because Defendants' failed to consider relevant medical information and, as noted above, operated under a conflict of interest.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

    a. For long term disability benefits payable under the Plan;

    b. For an award of pre-judgment interest;

    c. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1);

    d. For costs; and

e.  For the grant of such further and additional relief as this Court deems just and proper.

## COUNT II – Against MetLife and BNA
### Breach of Fiduciary Duty Pursuant to ERISA §§ 404(a)(1)(A), 409 and 502(a)(3)

25. The averments of paragraphs 1 through 24 are incorporated by reference as if fully set forth at length herein.

26. By virtue of their positions as fiduciaries of the Plan, the Company and the Committee owed a fiduciary duty of prudence, loyalty and care to Plaintiff under section 404(a)(1) of ERISA, including a duty to act solely in the interest of Plan participants and beneficiaries and for the exclusive purpose of providing Plan benefits to participants and beneficiaries.

27. The Company and the Committee have failed to act with the requisite prudence, breached this fiduciary duty owed to Plaintiff, and injured Plaintiff, by, among other things:

   a.  Failing to administer the Plan solely in the interest of participants and beneficiaries for the exclusive purpose of providing benefits for the participants and their beneficiaries and operating under a conflict of interest;

   b.  Failing to consider relevant information submitted by Plaintiff and her medical providers; and

   c.  Operating under a conflict of interest.

30. The Company, the Plan and the Committee have been unjustly enriched by breaching this fiduciary duty.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as

follows:

    a. For an order requiring Defendants to reinstate Plaintiff's eligibility under the Plan and requiring Defendant's to reinstate Plaintiff's disability benefit;

    b. For disgorgement of profits, equitable restitution, and the imposition of a constructive trust over funds Defendants wrongfully hold in their possession that rightfully belong to Plaintiff;

    c. For an equitable award of pre-judgment interest;

    d. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2);

    e. For costs; and

    f. For the grant of such further and additional equitable relief as this Court deems just and proper.

Dated: August 17, 2006                              Respectfully submitted,

                                                      BAILEY & EHRENBERG PLLC

                                                      *//s// Jason H. Ehrenberg*
                                                      _____
                                                      Jason H. Ehrenberg (DC # 469077)
                                                      1155 Connecticut Avenue NW
                                                      Suite 1100
                                                      Washington, D.C. 20036
                                                      Tel: (202) 465-2927
                                                      Fax: (202) 318-7071
                                                      jhe@becounsel.com

                                                      **Attorneys for Plaintiff**