IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL CRUMMETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06cv1450 |
| ) | |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants Metropolitan Life Insurance Company ("MetLife"), The Bureau of National Affairs, Inc. ("BNA"), and The Bureau of National Affairs, Inc. Long Term Disability Group Policy[1] (the "Plan"), by counsel, submit this Answer in response to the Plaintiff's Complaint.

1-2. To the extent Plaintiff alleges in paragraphs 1 and 2 of the Complaint that her claim is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), such allegation is admitted. The remaining allegations made in paragraphs 1 and 2 of the Complaint are legal conclusions and/or pertain to documents, namely, MetLife's file maintained in connection with plaintiff's long term disability benefits claim (the "Administrative Record), which speak for themselves, and, therefore, no response to the same is required.

3. The allegations made in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that Plaintiff alleges in paragraph 3 of the Complaint that a breach has occurred, Defendant denies such allegation.

---

[1] Plaintiff improperly designates The Bureau of National Affairs, Inc. Long Term Disability Group *Policy* as a party defendant. To the extent that plaintiff attempts to file suit against The Bureau of National Affairs, Inc. Long Term Disability Group *Plan* sponsored by BNA, as he appears to intend in paragraph five of the Complaint, the Defendants, including the Plan, submit this Answer. *See also* Plf's Compl. ¶ 5, referencing defendant as the "Plan."

1

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Complaint.

5. To the extent Plaintiff alleges in paragraph 5 of the Complaint that her claim is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), such allegation is admitted. The remaining allegations made in paragraph 5 of the Complaint are legal conclusions and/or pertain to documents which speak for themselves, namely, the Administrative Record, and, therefore, no response to the same is required.

6. To the extent Plaintiff alleges in paragraph 6 of the Complaint that MetLife is a claim administrator with discretionary authority to determine qualification for Plan benefits and is a fiduciary under ERISA, such allegations are admitted. To the extent Plaintiff alleges in paragraph 6 of the Complaint that MetLife's principal place of business is New York, New York, such allegations are admitted. The remaining allegations made in paragraph 6 of the Complaint are legal conclusions and/or pertain to documents which speak for themselves, namely, the Administrative Record, and, therefore, no response to the same is required. To the extent a response is required, the allegations are denied.

7. To the extent Plaintiff alleges in paragraph 7 of the Complaint that BNA is an administrator and sponsor of the Plan under ERISA, such allegations are admitted. The remaining allegations made in paragraph 7 of the Complaint are legal conclusions and/or pertain to documents which speak for themselves, namely, the Administrative Record, and, therefore, no response to the same is required. To the extent a response is required, the allegations are denied.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9-17. The allegations made in paragraphs 5-8 of the Complaint pertain to documents which speak for themselves, namely, the Plan and the Administrative Record, and, therefore,

2

no response to the same is required. To the extent the allegations vary from those documents, they are denied.

18.     Defendants deny the allegations made in paragraph 18 of the Complaint.

19.     In response to the allegations made in paragraph 19 of the Complaint, Defendants restate their responses to paragraphs 1 through 18.

20.     The allegations made in paragraph 20 of the Complaint are legal conclusions and/or pertain to documents, namely, the Administrative Record, which speak for themselves, and, therefore, no response to the same is required. To the extent the allegations vary from those documents, Defendants deny the same.

21-24.  Defendants deny the allegations made in paragraphs 21-24 of the Complaint.

25.     In response to the allegations made in paragraph 25 of the Complaint, Defendants restate their responses to paragraphs 1 through 24.

26.     The allegations made in paragraphs 26 of the Complaint are legal conclusions and/or pertain to documents which speak for themselves, namely the Administrative Record, and, therefore, no response to the same is required. To the extent the allegations vary from those documents, they are denied.

27-30.  Defendants deny the allegations made in paragraphs 27-30 of the Complaint.

31.     Defendants are not indebted to Plaintiff for any reason.

32.     All allegations made in the Complaint not specifically responded to above are denied.

33.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

34.     Plaintiff may be estopped to claim the relief sought in the Complaint.

35. Plaintiff may have waived any right to claim the relief sought in the Complaint.

36. MetLife asserts that, in the event plaintiff is entitled to long term disability benefits, which MetLife denies, MetLife is entitled to offset from those benefits the collateral source or other income benefits set forth in the Plan as offsets against long term disability benefits, including, but not limited to, any benefits plaintiff has received from the Social Security Administration, Workers Compensation, or any other disability benefit which may be payable

37. Defendants have discharged their duties with respect to the Plan, in the interest of the Plan participants and their beneficiaries, and in doing so, Defendants have acted in accordance with the documents and instruments governing the Plan, as well as applicable law.

38. Plaintiff's Complaint may be barred by the applicable limitations period and/or laches.

39. Plaintiff's claim is barred, in whole or in part, because any benefit determination was not the result of an abuse of discretion, but rather, was reasonable based on substantial evidence and was in accordance with the terms of the Plan.

40. Defendants reserve the right to expand, alter, enlarge or amend their Answer at any time.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice and that they be awarded their attorneys' fees and costs.

                METROPOLITAN LIFE INSURANCE COMPANY,
THE BUREAU OF NATIONAL AFFAIRS, INC.,
AND THE BUREAU OF NATIONAL AFFAIRS,
INC. LONG TERM DISABILITY GROUP
POLICY

                By:   /s/ Eric W. Schwartz

Eric W. Schwartz, Esquire (D.C. Bar No. 415292)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

*Counsel to Defendants*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of September 2006, a copy of the foregoing Answer was filed electronically with the Clerk of the Court, using the CM/ECF system, which is to send notification of such filing to all parties and counsel in this case.

/s/ Eric W. Schwartz
Eric W. Schwartz, Esquire (D.C. Bar No. 415292)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

322498