IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERYL CRUMMETT,

    Plaintiff,

v.                                                                            Civil Action No. 1:06cv1450

METROPOLITAN LIFE
INSURANCE COMPANY, *et al.*,

    Defendants.

## JOINT MEET AND CONFER REPORT

Plaintiff Cheryl Crummett and Defendants Metropolitan Life Insurance Company ("MetLife"), The Bureau of National Affairs, Inc. ("BNA"), and The Bureau of National Affairs, Inc. Long Term Disability Group Policy[1] (collectively, the "Defendants"), pursuant to the October 6, 2006 Order Setting Initial Scheduling Conference and LCvR 16.3, submit their joint meet and confer report.[2]

---

[1] Defendants contend that Plaintiff has improperly sued an insurance policy, *i.e.*, "The Bureau of National Affairs, Inc. Long Term Disability Group *Policy*," as a defendant. Defendants contend that this "defendant" should be dismissed because one cannot sue an insurance policy. Plaintiff contends that this defendant is a proper defendant and, if anything, should be renamed as the *Plan* rather than the *Policy*.

[2] Defendants assert that "an action for review on an administrative record" is exempt from the requirements of LCvR 16.3. *See* LCvR 16.3(b) (identifying exempted cases). Plaintiff's Complaint seeks relief under ERISA. In an ERISA action, the administrative record constitutes the only admissible evidence. *Hunter v. Metropolitan Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615 (D.D.C. Aug. 9, 2002). *See also Block v. Pitney Bowes, Inc.*, 952 F.2d 1450, 1455 (D.C. Cir. 1992) ("Courts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum."). As such, Plaintiff's Complaint is an "an action for review on an administrative record" and this case should be exempt from the requirements of LCvR 16.3. Plaintiff, in turn, believes that she is entitled to discovery in this case because (1) she has included within the Complaint a claim for breach of fiduciary duty under ERISA and such claims are not limited to the administrative record, and (2) with regard to her benefit claim, she is entitled to discovery on the level of review that should be applied to Defendants' denial of her claim for benefits. Plaintiff would respectfully suggest that the Court order briefing on the issue of Plaintiff's entitlement to take discovery in this action because she does not believe that Defendants' position above accurately reflects the state of the law on this issue.

1

1. No dispositive motions have been filed. The parties intend to file cross-motions for summary judgment in this matter. Plaintiff does not believe this may be resolved by cross-motions for summary judgment. Defendants, however, believe that resolution of this case on cross-motions for summary judgment is appropriate.

2. No other parties are expected to be joined. No amended pleadings are contemplated. Some of the factual and/or legal issues can be agreed on or narrowed.

3. The parties do not consent to assigning this case to a magistrate judge.

4. There may be a realistic possibility of settling of the case.

5. After considering the matters in LCvR 16.3(c)(5)(i)-(v), the parties believe ADR would not be useful at the present time. Additional time is needed to investigate and evaluate this case. If, in the future, the parties believe ADR would be useful, they will arrange for mediation.

6. Defendants contend that an ERISA-regulated action such as this is to be resolved by summary judgment and intends to file such a motion. As noted above, Plaintiff believes that she is entitled to discovery in this action, and therefore, this matter is not necessarily a candidate for resolution on dispositive motions. More specifically, Plaintiff posits that she is entitled to discovery on her claim for breach of fiduciary duty under ERISA, as discovery is standard for such claims. Plaintiff also believes that she is entitled to at least limited discovery on her benefit claim. As such, there may be issues of fact in dispute that might preclude the disposition of this matter on summary judgment. Plaintiff may file a summary judgment motion if she believes it would help dispose of this action.

7. Defendants will provide a copy of the administrative record to Plaintiff on or before November 15, 2006. Defendants contend Rule 26(a)(1) disclosures are not appropriate in this case because the court's review is limited to the administrative record. *See* footnote 2, *supra* (citing authority). Plaintiff contends that Rule 26(a)(1) disclosures are appropriate, at least as to her claim for breach of fiduciary duty, and would suggest that a round of briefing on her right to take discovery beyond the administrative record in this case may be appropriate at an early juncture in the proceedings.

8. Plaintiff intends to propound discovery to Defendants. Defendants object to the conduct of discovery, as this matter is governed by ERISA and limited to the administrative record. *Hunter v. Metropolitan Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615 (D.D.C. Aug. 9, 2002). If the parties are unable to resolve this discovery issue, the parties will submit it to the court for disposition at the appropriate time with appropriate motions and memoranda of law. As noted above, Plaintiff would suggest that the parties engage in early briefing on this issue, to save the parties' and the Court from having to file, oppose and decide motions to compel.

9. Defendants contend use of expert witnesses is not appropriate because the court's review is limited to the Administrative Record. *Id.*; *Block*, 952 F.2d at 1455. Although Plaintiff disagrees with Defendants' position, Plaintiff does not expect that expert witnesses will be necessary.

10. Not applicable.

11. The parties agree that bifurcation of this action is not appropriate.

12-13. Defendants contend dates for a final pretrial conference or trial need not be scheduled because the action will be resolved by summary judgment. Plaintiff believes that a final pretrial conference and trial should be scheduled.

### BRIEF STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES

#### Plaintiff's Statement of the Case

This is an action brought under ERISA, 29 U.S.C. §§ 1001 *et seq.*, to recover long-term disability ("LTD") benefits under an employee welfare benefit plan and for breaches of fiduciary duties under ERISA. Plaintiff contends that Defendants' denial of Plaintiff's long term disability benefits was wrongful, based on evidence selectively chosen, and in violation of the terms and conditions of the Plan because Plaintiff has presented Defendant with clear evidence of her inability to work in any capacity due to a serious medical illness. Plaintiff also contends that by virtue of their positions as fiduciaries of the Plan, the Defendants owed a fiduciary duty of prudence, loyalty and care to Plaintiff under ERISA, and that Defendants breached this duty in its handling of Plaintiff's claim for disability benefits.

#### Defendants' Statement of the Case

Defendants did not act arbitrarily or capriciously in administering Plaintiff's claim for benefits, and discharged their duties with respect to the Plan in accordance with the documents and instruments governing the Plan. Accordingly, the court should affirm Defendants' denial of plan benefits.

DATED this 24th day of October, 2006.

4

Respectfully submitted,

| | |
|---|---|
| /s/ Jason H. Ehrenberg | /s/ Eric W. Schwartz |
| Jason H. Ehrenberg, Esquire | Eric W. Schwartz, Esquire |
| D. C. Bar No. 469077 | D.C. Bar No. 415292 |
| BAILEY & EHRENBERG PLLC | TROUTMAN SANDERS LLP |
| 1155 Connecticut Avenue, NW, Suite 1100 | 401 9th Street, N.W., Suite 1000 |
| Washington, D.C. 20036 | Washington, D.C. 20004 |
| Telephone: (202) 465-4729 | Telephone: (202) 274-2879 |
| Facsimile: (202) 318-7071 | Facsimile: (202) 274-2994 |
| E-mail: jhe@becounsel.com | E-mail: eric.schwartz@troutmansanders.com |
| *Counsel to Plaintiff* | *Counsel to Defendants* |

325324_1.DOC