IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL CRUMMETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-1450 (HHK) |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR PROTECTIVE ORDER, TO LIMIT THE SCOPE OF
DISCOVERY AND FOR JUDGMENT ON THE PLEADINGS**

COME NOW Defendants Metropolitan Life Insurance Company; Bureau of National Affairs Long Term Disability Group Policy ("the LTD Plan"); and the Bureau of National Affairs, Inc., by and through counsel, pursuant to LCvR. 7, respectfully request that the Court: (1) limit discovery in this ERISA action; (2) enter a Protective Order quashing Plaintiff's Interrogatories, Request for Production of Documents and Notice of 30(b)(6) deposition; and (3) dismiss Plaintiff's breach of fiduciary duty claim and award Defendants their costs and attorneys fees in briefing the issue regarding Plaintiff's breach of fiduciary duty claim. In support of its request, Defendants assert:

1.

This is an ERISA[1] action. Plaintiff challenges the denial of long-term disability benefits ("LTD benefits") pursuant to ERISA and the LTD Plan. Under the LTD Plan, MetLife, which is the claims fiduciary, had discretion to make the benefits-denial decision at issue here. Therefore, because the Court should limit its review of MetLife's ERISA-plan benefits decisions at it issue in this case to the evidence presented to Met-

---
[1] Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*

Life during the administrative process, i.e. the Administrative Record, discovery is unnecessary. *See Hunter v. Metropolitan Life Insurance Company*, 2002 U.S. Dist. LEXIS 26615 *2-*3 (D.D.C. 2002) (denying the plaintiff's motion to compel discovery and concluding that "the administrative record, which has been produced, constitutes the only admissible evidence here"); *see also Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998), *citing Block v. Pitney Bowes, Inc.*, 952 F.3d 1450, 1455 (D.C. Cir. 1992) (explaining, "courts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum"); *see also See Stanley v. Metropolitan Life Ins. Co.*, 312 F.Supp.2d 786, 790 (E.D. Va. 2004) (explaining "in that no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible in this case").

2.

Many of Plaintiff's discovery requests seek information that is duplicative or irrelevant. *See, e.g.,* Plaintiff's Interrogatory No. 12 at Exhibit 1 to Defendant's Supporting Memorandum, filed contemporaneously herewith.

3.

Further, contrary to her assertions, Plaintiff's breach of fiduciary duty claim is not an avenue for discovery and should be dismissed because Plaintiff has an adequate remedy in her claim for disability benefits. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *see also Hurley v. Life Ins. Co. of North America, et al.*, 2005 U.S. Dist. LEXIS 43038 *32 (D.D.C. 2005) (*citing Varity* and dismissing a plaintiff's breach of fiduciary duty claim and explaining, "Plaintiff's claim for relief for breach of a fiduciary duty

under Section 409 would be inappropriate, given Plaintiff's valid claim under Section 502(a)(1)(B) in Count I").

NOW THEREFORE, for these reasons, as explained more fully in Defendants' Supporting Memorandum, filed contemporaneously herewith, Defendants respectfully request that the Court: (1) limit discovery in this ERISA action; (2) enter a Protective Order, quashing Plaintiff's Interrogatories, Request for Production of Documents and Notice of 30(b)(6) deposition; and (3) dismiss Plaintiff's breach of fiduciary duty claim and award Defendants their costs and attorneys fees in briefing the issue regarding Plaintiff's breach of fiduciary duty claim.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY, BUREAU OF NATIONAL AFFAIRS LONG TERM DISABILITY GROUP POLICY, BUREAU OF NATIONAL AFFAIRS, INC.

By Counsel

/s/ Ronda Brown Esaw
Ronda Brown Esaw.
DC Bar No. 494516
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
Telephone: (703) 712-5000
Telecopier: (703) 712-5050

Halima Horton
McGUIREWOODS LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 443-5715
Telecopier: (404) 443-5765

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via first class mail, postage prepaid, on January 8, 2007, on the following:

> Jason H. Ehrenberg
> Bailey & Ehrenberg PLLC
> 1155 Connecticut Avenue, N.W.
> Suite 1100
> Washington, D.C. 20036

/s/ Ronda Brown Esaw

\4368144.2