<u>Cheryl Crummett v. Metropolitan Life Insurance Company, et al.</u>
Case No.: 1:06-cv-1450 (HHK)
**Defendants' Motion for Protective Order,**
**to Limit the Scope of Discovery**
**And for Judgment on the Pleadings**
**<u>EXHIBIT 1</u>**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

CHERYL CRUMMETT,                    :
                                    :
                Plaintiff,          :
                                    :
v.                                  :        Case No.: 1:06-cv-1450
                                    :
METROPOLITAN LIFE                   :
INSURANCE COMPANY, et al.,          :
                                    :
                Defendant.          :

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cheryl Crummett, through counsel, hereby requests that Defendant Metropolitan Life Insurance Company answer each of the following Interrogatories separately, fully, in writing, and under oath within 30 days after service. The Instructions and Definitions that appear below form an integral part of these interrogatories and must be read in conjunction therewith. The Instructions set forth below are to be followed in responding to these interrogatories. Where any defined word or phrase is used in an interrogatory request, it is to be interpreted as defined.

### INSTRUCTIONS

1.      These interrogatories shall be deemed continuing in nature, and any answers previously furnished shall be amended or supplemented based on information which may come into your possession, custody, or control subsequent to the date of your responses.

2.      The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

EXHIBIT
1

3.    The use of any verb tense shall be considered to include within its meaning all other tenses of the verb so used to make the request inclusive rather than exclusive.

4.    Separate responses should be provided to every interrogatory and every part thereof.

5.    Unless otherwise indicated, the time period covered by these discovery requests is January 1, 2003, to the present.

6.    You are required, in responding to these interrogatories, to obtain and furnish all information available to you and any of your employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession, custody or control, or in the possession, custody or control of any of your representatives, employees, agents, servants, or attorneys.

7.    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

8.    With respect to any answer or portion of any answer to any of the following interrogatories not made on or by the personal knowledge of the person signing and swearing to such answer, identify each person from whom information was obtained in the preparation of such answer and state the source of such person's information.

9.    To the extent that you consider any portion of any of the following interrogatories objectionable, respond to each part thereof as is not objectionable in your view, and separately identify that part of the interrogatory that you find objectionable and state the grounds for each such objection.

10.    In seeking information to respond to these interrogatories, you are required to examine all possible forms of storing verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records.  In searching for nonpaper sources of information, you are required to search all computer or other electronic or optical forms of information storage formats, including:

    i.    so-called floppy disks;

    ii.    removable drive media, of all kinds;

    iii.    hard drives used by individuals;

    iv.    hard drives shared by multiple users;

    v.    storage media used by network systems

    vi.    storage media not maintained on-line, including but not limited to backup tapes or similar archival storage media, wherever and whomever stored or retained;

    vii.    file servers;

    viii.    optical media, including "write-once-read-many" ("WORM") media or other optical formats, including rewritable optical formats;

    ix.    portable computers, included but not limited to, "notebook" computers, "laptop" computers, or other similar portable devices, palmtop, pocketsize or similar portable information devices on which information is stored in digital form.

## DEFINITIONS

A.    The term "Complaint" means the Complaint filed by Plaintiff in this action.

B.    The term "Plaintiff" means the Plaintiff in this action.

3

C.    "You" and "your" refer to Defendant Metropolitan Life Insurance Company, and includes all directors, officers, employees, attorneys, agents, fiduciaries, representatives or other persons acting on its behalf.

D.    The term "document" is defined in the broadest terms permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and means, without limitation, any writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, including all drafts and nonidentical copies of documents in your possession, custody, or control.

E.    The conjunctions "and" and "or" shall be individually interpreted in every instance to mean "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request.

F.    The terms "any," "all," and "each" shall be interchangeable as necessary to call for the broadest possible response.

G.    "Relating to" means constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing or referring to, directly or indirectly.

H.    "Describe," and/or "state," means to set forth fully, completely, unambiguously and in detail every fact relating to the answer called for about which you have knowledge. These terms also mean to specify in detail and to particularize the content of a document, communication, act or event or series of documents, communications, acts, or events and not to summarize or outline the documents, communications, acts, events, or series of events.

I.    The term "identify," when used with reference to a natural person means to state his or her full name, business address and telephone number – or if his or her business address

4

and telephone number are not known, his or her home address and telephone number – job title(s) as of the present. Once a person has been so identified in an answer or response, that person may thereafter be identified simply by name.

J.    The term "identify," when used with reference to a document, means to state the type of document, letter, memorandum, the date of the document, the author's full name and address, the addressee(s) of the document, any other recipient(s) of the document, the subject matter of the document, and the document's present location and custodian. If any document was, but is no longer, in your possession, custody, or control, state the disposition made of the document and the date of such disposition.

K.    The term "identify," when used with reference to an oral communication, means to identify the means of such communication, meeting, telephone conversation, each person who participated in such communication (whether as speaker or hearer), the date, time, and place of such communication, and a complete statement of the content of the communication.

L.    The term "identify," when used with reference to an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion, demonstration or experiment), means to state the date and place of the act or event, identify each person present or taking part therein, state what was said and done by each such person, including yourself, and describe what transpired during the act or event.

M.    The term "identify," when used with reference to any other matter, means to give a full and complete narrative description of the matter, omitting nothing necessary to make your answer fully responsive to the interrogatory, including, but not limited to, information relating to the date and place the matter occurred, the identity of all persons present, the nature and

substance of all communications occurring during or in connection therewith, and any documents relating or referring thereto.

N.    The term "person" means any individual, firm, corporation, association, partnership, joint venture, governmental agency, or any other form of entity, together with any officers, directors, partners, trustees, employees, representatives, or agents thereof, including Plaintiff and Defendant.

O.    The term "Disability Plan" means Defendant Bureau of National Affairs Disability Plan, and shall include any predecessor, successor or related plan from which Plaintiff sought, received or might become entitled to disability benefits.

## INTERROGATORIES

1.    Identify all persons who participated in gathering information for or preparing responses to these interrogatories.

2.    Identify all documents that explain or otherwise set forth the terms of the Bureau of National Affairs Disability Benefits Plan.

3.    List all of the persons who had any role in the decision to deny Plaintiff's claim for disability benefits and/or Plaintiff's appeal of the denial of her claim for disability benefits.

4.    Identify the entity that you contend is the "Plan Sponsor" for the Disability Plan.

5.    Identify the entity that you contend is the "Plan Administrator" for the Disability Plan.

6.    Identify the entity that you contend is the "Claims Administrator" for the Disability Plan.

7.    Identify the entity that you contend determined Plaintiff's eligibility for disability benefits under the Disability Plan.

8.    Identify the entity that is responsible for paying benefits under the Disability Plan.

Dated: December 5, 2006

Respectfully submitted,

Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
t: (202) 465-4729
f: (202) 318-7071
jhe@becounsel.com

**Attorneys for Plaintiff**

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2006, a copy of the foregoing

was served on the following via first class United States mail, postage prepaid:

Ronda B. Esaw
McGuireWoods LLP
1750 Tysons Boulveard
Suite 1800
McLean, VA 22102

Jason H. Ehrenberg

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHERYL CRUMMETT,  :
        :
   Plaintiff,   :
        :
 v.      :  Case No.: 1:06-cv-1450
        :
METROPOLITAN LIFE  :
INSURANCE COMPANY, et al., :
        :
   Defendant.  :
        :

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Cheryl Crummett ("Plaintiff"), through counsel, hereby request that Defendant Metropolitan Life Insurance Company ("Defendant") produce within thirty (30) days for inspection and copying of documents (as further defined below) responsive to the specific requests set forth below, that are within its possession, custody, or control. Defendant shall effect production of documents by delivering them to the offices of Bailey & Ehrenberg PLLC, 1155 Connecticut Avenue NW, Suite 1100, Washington, D.C. 20036, or other mutually agreeable means.

The Instructions and Definitions that appear below form an integral part of the specific requests for the production of documents that follow, and must be read in conjunction therewith. It is expected that the Instructions set forth will be followed in searching for and producing documents responsive to the specific requests for production. Where any defined word or phrase is used in a specific request for the production of documents, it is to be interpreted as defined.

## INSTRUCTIONS

A.    Responses to this discovery request shall be supplemented and/or amended as required by Rule 26(e)(2) of the Federal Rules of Civil Procedure.

B.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

C.    Each specification with respect to production of documents should be construed independently and not by reference to any other request herein for purposes of limitation.

D.    Unless otherwise indicated, the time period covered by these discovery requests is January 1, 2003 to the present.

E.    These document requests cover documents in the possession, custody or control of the Defendant, including documents in the possession, custody or control of Defendant's counsel and/or any of Defendant's agents.

F.    For the purposes of this request for production of documents, a document shall be deemed to be in the control of the Defendant if any person or entity having possession or custody of the document would provide a copy to the Defendant in the ordinary course of business as a result of contractual obligation, employment by the Defendant, business relationship or otherwise.

G.    Each document requested herein shall be deemed to call for the production of the original document or documents. If the original is not available, then a copy shall be produced. In addition, any copy of a document shall be produced if it differs in any respect from the original (e.g., by reason of there having been added to the copy information or markings that was not in or on the original, including but not limited to handwritten notes or comments, exclamation points or question marks, routing stamps, indications that a particular copy was

2

intended for a particular individual, indications that one or more individuals were to receive a "blind" or "bcc" copy, or underlining or highlighting of particular portions).

H.    To the extent that you consider any of the following document requests objectionable, respond to each part thereof as is not objectionable in your view, and separately identify that part of the request that you find objectionable and state the grounds for each such objection, as required by FRCP 34(b).

I.    Any privilege objection which you raise should be confined to that portion of the document request for which you make such a claim and shall not excuse you from otherwise responding to the request to the fullest extent possible consistent with preserving your claim of privilege.

J.    If any document otherwise required to be produced by this request is withheld, identify the document stating its date, author, recipient and reasons for withholding.

K.    Documents are to be produced for inspection and copying as they are kept in the usual course of business.  If documents are produced from a file folder or equivalent (e.g., computer directory) that has a name, such name shall be indicated.  Groups of documents that come from the same file may be identified as a group, provided that the scope of the group to which the identification applies is apparent or is indicated.

L.    In seeking information to respond to these interrogatories, you are required to examine all possible forms of storing verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records.  In searching for nonpaper sources of information, you are required to search all computer or other electronic or optical forms of information storage formats, including:

    (a)    so-called floppy disks;
    (b)    removable drive media, of all kinds;

3

(c)  hard drives used by individuals;

(d)  hard drives shared by multiple users;

(e)  storage media used by network systems

(f)  storage media not maintained on-line, including but not limited to backup tapes or similar archival storage media, wherever and whomever stored or retained;

(g)  file servers;

(h)  optical media, including "write-once-read-many" ("WORM") media or other optical formats, including rewritable optical formats;

(i)  portable computers, included but not limited to, "notebook" computers, "laptop" computers, or other similar portable devices, palmtop, pocketsize or similar portable information devices on which information is stored in digital form

## DEFINITIONS

A.  The term "document" is defined in the broadest term permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and means, without limitation, any writings, drawings, graphs, charts, photographs, phonographs, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, including all drafts and nonidentical copies of copies of documents in the possession, custody, or control of the Defendants or their agents, employees, attorneys, investigators, or consultants.

B.  The term "Plaintiff" means Plaintiff Cheryl Crummett, the sole plaintiff in this action.

C.  "You" and "your" refers to Defendant Metropolitan Life Insurance Company, one of the three defendants in this action.

D.  The conjunctions "and" and "or" shall be individually interpreted in every instance to mean "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request.

E.  The term "any," "all," and "each" shall be interchangeable as necessary to call for the broadest possible response.

4

F.    The term "relating to" or "concerning" a specified subject matter includes any document that constitutes, embodies, reflects, identifies, refers to, comments on, responds to, describes, analyzes, or contains information concerning, or is in any way pertinent to that subject matter.

G.    The term "privilege" as used in this document request is defined as incorporating the attorney-client privilege, any other statutory or nonstatutory privileges, and also as including the attorney work product doctrine.

## DOCUMENT REQUESTS

1.    All medical records, reports or narratives relating to Plaintiff.

2.    All documents demonstrating that the insurance policy or plan under which Plaintiff sought benefits in this case was governed by ERISA.

3.    All documents concerning the funding source of the disability benefits that Plaintiff would have received under the disability plan or policy under which Plaintiff sought benefits in this case.

4.    All documents identifying the entity that administered, reviewed, and determined eligibility for disability benefits claims under the disability plan or policy under which Plaintiff sought benefits in this case.

5.    All documents Plaintiff submitted to you with regard to her claim for disability benefits between January 1, 2003 and January 1, 2007.

6.    All documents that you contend make up the administrative record of your consideration of Plaintiff's claim for disability benefits.

7.    All medical reports, narratives, documents, etc., that Plaintiff submitted to you between January 1, 2003 and the present that are not in the administrative record.

5

8.    All documents that constitute the disability plan or policy under which Plaintiff sought benefits from 2003 to the present, including, without limitation, all amendments, supplements, and restatements thereto.

9.    All Summary Plan Descriptions for the disability plan or policy under which Plaintiff sought benefits from 2003 to the present, including, without limitation, all amendments, supplements, and restatements thereto.

10.    All documents constituting other instruments under which the disability plan or policy is established or operated.

11.    All documents identified in responding to Plaintiff's First Set of Interrogatories to Defendant Metropolitan Life Insurance Company.

12.    All documents relating to your agreement to insure disability benefits for employees and/or former employees of Defendant The Bureau of National Affairs, including but not limited to any administrative services agreements, any certificates of insurance, and any insurance policies.

13.    All documents identifying the Plan Administrator, as that term is defined by ERISA, of the disability plan or policy under which you determined Plaintiff's entitlement for disability benefits.

14.    All documents identifying the Plan Sponsor, as that term is defined by ERISA, of the disability plan or policy under which you determined Plaintiff's entitlement for disability benefits.

15.    All documents identifying the claims administrator of the disability plan or policy under which you determined Plaintiff's entitlement to disability benefits.

6

16.    All documents identifying the names of the individuals that reviewed Plaintiff's disability benefits claim appeal.

17.    All documents identifying the names of the individuals that are charged with making determinations of disability benefit claim appeals of employees or former employees of Defendant The Bureau of National Affairs.

18.    All documents identifying the names of the individuals that are charged with making determinations of disability benefit claim appeals of participants and beneficiaries of the Defendant The Bureau of National Affairs, Inc. Disability Benefit Plan.

19.    All documents granting you discretion to interpret the language of, and determine entitlement to benefits under, the disability plan or policy under which you determined Plaintiff's entitlement to benefits.

20.    All documents relating to the relationship between Defendant the Bureau of National Affairs and you vis-à-vis the disability plan or policy under which you determined Plaintiff's entitlement to benefits.

21.    All documents relating to the relationship between Defendant the Bureau of National Affairs Disability Plan and you vis-à-vis the disability plan or policy under which you determined Plaintiff's entitlement to benefits.

22.    All documents reflecting any communications between you and any consultants retained by you to review Plaintiff's claim file (including but not limited to the "two Independent Physician Consultants" referenced in your July 14, 2006 letter to Plaintiff in which you notified Plaintiff that you were upholding the original determination to deny her benefits).

7

23.    All documents reflecting any legal advice provided to you in connection with your review of Plaintiff's claim for disability benefits in your capacity as a fiduciary of the disability policy or plan at issue in this case.

24.    All documents relating to any communications between you, on the one hand, and any Independent Medical Examiner, or consultant retained by you, with regard to Plaintiff.

25.    All documents relating to any communications between you, on the one hand, and the medical consultant that you retained to review Plaintiff's entitlement to benefits, on the other hand.


Dated: December 5, 2006

Respectfully submitted,

Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
t:  (202) 465-4729
f:  (202) 318-7071
jhe@becounsel.com

**Attorneys for Plaintiff**

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2006, a copy of the foregoing was served on the following via first class United States mail, postage prepaid:

Ronda B. Esaw
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
McLean, VA  22102

Jason H. Ehrenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERYL CRUMMETT,                  :
                                  :
              Plaintiff,          :
                                  :
       v.                         :        Case No.: 1:06-cv-1450
                                  :
METROPOLITAN LIFE                 :
INSURANCE COMPANY, *et al.*,      :
                                  :
              Defendant.          :
                                  :

### NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT
### THE BUREAU OF NATIONAL AFFAIRS INC. DISABILITY BENEFIT PLAN

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiff will take the oral deposition of Defendant The Bureau of National Affairs,

Inc. ("Defendant"). The deposition will be taken by stenographic means before a notary public

or other person authorized to take oaths, will commence at 10:00 a.m. on Wednesday, January

10, 2007 at the law offices of Bailey & Ehrenberg PLLC, 1155 Connecticut Ave, N.W.,

Washington, D.C., 20036, and will continue from day to day until completed.

### DEPOSITION TOPICS

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant

shall designate one or more fiduciaries, officers, directors, managing agents, employees, or other

knowledgeable persons to testify concerning the following topics:

1.      The funding source of the disability benefits that Plaintiff would have received

and sought under the disability plan or policy under which Defendant determined Plaintiff's

eligibility for benefits.

2.     The standard procedures that Defendant follows in reviewing and deciding claims for disability benefits and appeals of denial of claims for disability benefits under the disability plan or policy under which Defendant determined Plaintiff's eligibility for benefits.

3.     The documents that make up the disability plan under which Plaintiff sought disability benefits from 2003 to the present, including, without limitation, all amendments, supplements, and restatements thereto, and any summary plan descriptions.

4.     The exact nature of Defendant's agreement with Defendant Metropolitan Life Insurance Company with regard to the insuring of disability benefits for participants and beneficiaries of the Bureau of National Affairs, including but not limited to the nature of any administrative services agreements, any certificates of insurance, and any insurance policies.

5.     The nature of Defendant's relationship with the Defendant Metropolitan Life Insurance Company vis-à-vis the disability plan or policy under which Defendant determined Plaintiff's entitlement to disability benefits.

6.     The identity of the Plan Administrator of the disability plan or policy under which Defendant determined Plaintiff's entitlement to disability benefits.

7.     The identity of the claims administrator of the disability plan or policy under which Defendant determined Plaintiff's entitlement to disability benefits.

8.     The identity of the individuals, committee, or other entity that determined Plaintiff's entitlement to disability benefits in this case.

9.     The nature of Defendant's relationship with any independent consultants or physicians that were paid, retained or consulted with regard to Plaintiff's disability benefit claim and appeal.

10.     The basis for the denial of Plaintiff's claim for disability benefits.

2

11.    The basis for the BNA Disability Retirement Committee's granting of Plaintiff's claim for disability retirement benefits.

12.    The nature of any legal advice Defendant or any of its agents, employees, officers or directors received in its (or their) capacity as a fiduciary of the disability plan under which Plaintiff sought disability benefits.

Dated: December 5, 2006                              Respectfully submitted,


                                                     Jason H. Ehrenberg
                                                     BAILEY & EHRENBERG PLLC
                                                     1155 Connecticut Avenue, N.W.
                                                     Suite 1100
                                                     Washington, D.C. 20036
                                                     t:  (202) 465-4729
                                                     f:  (202) 318-7071
                                                     jhe@becounsel.com

                                                     Attorneys for Plaintiff

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2006, a copy of the foregoing

was served on the following via first class United States mail, postage prepaid:

Ronda B. Esaw
McGuireWoods LLP
1750 Tysons Boulveard
Suite 1800
McLean, VA 22102

Jason H. Ehrenberg