Cheryl Crummett v. Metropolitan Life Insurance Company, et al.
Case No.: 1:06-cv-1450 (HHK)
**Defendants' Motion for Protective Order,
to Limit the Scope of Discovery
And for Judgment on the Pleadings**
**EXHIBIT 2**

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309
Phone: 404.443.5500
Fax: 404.443.5599
www.mcguirewoods.com

Hallman Horton
Direct: 404.443.5715

**McGUIREWOODS**

hhorton@mcguirewoods.com
Direct Fax: 404.443.5765

December 19, 2006

**VIA ELECTRONIC & FIRST CLASS MAIL**

Jason H. Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Re:   Cheryl Crummett v. Metropolitan Life Insurance Company, et al.
      Civil Case No. 1:06-CV-1450

Dear Jason:

This letter responds to your December 16, 2006 email, requesting that we provide you with some authority for the notion that discovery in the above-referenced matter should be limited to production of the plan documents and the administrative record. As we asserted in our December 15, 2006 letter to you, Plaintiff's breach of fiduciary duty claim is not an avenue for discovery because that claim fails on the grounds that Plaintiff has an adequate remedy in her claim for disability benefits. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *see also Hurley v. Life Ins. Co. of North America, et al.*, 2005 U.S. Dist. LEXIS 43038 *32 (D.D.C. 2005) (*citing Varity* and dismissing a plaintiff's breach of fiduciary duty claim and explaining, "Plaintiff's claim for relief for breach of a fiduciary duty under Section 409 would be inappropriate, given Plaintiff's valid claim under Section 502(a)(1)(B) in Count I"). Therefore, to the extent discovery is allowed for breach of fiduciary duty claims in general, that does not help Plaintiff, whose breach of fiduciary duty claim fails because she has a remedy in her Section 502(a)(1)(B) benefits claim.

Thus, Plaintiff's action is reduced to her long-term disability claims, and as this Court ruled in a similar long-term disability action against Metropolitan Life Insurance Company, discovery is not allowed. *See Hunter v. Metropolitan Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615 (D.D.C. 2002). The fact that Plaintiff alleges a conflict of interest does not open the door for discovery. *See Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 512 (1st Cir. 2005) (noting that even where *de novo* review of an administrative record applied, "the claimant was not entitled to trial or to admit desired new evidence outside the administrative record *or to discovery*"). To allow discovery in ERISA cases where an administrator also funds the plan "would involve far-reaching, open-ended, nearly limitless discovery." *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1280 (C.D. Cal. 1998). "The tremendous expenses thereby incurred would frustrate the prompt and affordable resolution of benefits claims." *Stanley v. Metropolitan*


EXHIBIT 2

Jason Ehrenberg
December 15, 2006
Page 2

*Life Ins. Co.*, 312 F.Supp.2d 786, 791 (E.D. Va. 2004) (explaining "in that no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible in this case").

Therefore, we respectfully request that you withdraw your client's pending discovery requests. We appreciate your consideration.

Very truly yours,

McGuireWoods LLP

Halima Horton

cc:    Ronda Brown Esaw, Esq.

\\4322650.1

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309
Phone: 404.443.5500
Fax: 404.443.5599
www.mcguirewoods.com

Halima Horton
Direct: 404.443.5715

hhorton@mcguirewoods.com
Direct Fax: 404.443.5765

**McGUIREWOODS**

December 15, 2006

**VIA ELECTRONIC & FIRST CLASS MAIL**

Jason H. Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

    Re:    Cheryl Crummett v. Metropolitan Life Insurance Company, et al.
            Civil Case No. 1:06-CV-1450

Dear Jason:

       This letter summarizes our conversation today regarding discovery issues in the above-referenced matter, and it notifies you of our intent to file appropriate discovery motions.

       As an initial matter, as we discussed, you unilaterally noticed a 30(b)(6) deposition for January 9, 2007 without verifying our availability. We are unavailable on that date and, therefore, cannot be present at the deposition. Should the Court rule that such a deposition is appropriate here, we request that you verify our availability prior to noticing any future depositions.

       Further, as we indicated today, we believe discovery by Plaintiff should be limited to production of: (1) the administrative record; (2) a copy of the plan at issue; and (3) a copy of any summary plan description. We believe that Plaintiff can derive all discoverable information and all admissible evidence from such documents.

       You indicated your basis for discovery was two-fold, asserting that the Court needs to determine any conflict of interest, and asserting that the Plaintiff has filed a breach of fiduciary duty claim. As we asserted, no discovery is needed to determine the existence of a conflict of interest because a conflict, if any, would be apparent from the plan documents. Further, as we asserted, Plaintiff's breach of fiduciary claim is improper, in part, because she seeks individual relief and because she has an adequate remedy in her claim for benefits.

       We implored you today to work with us to resolve discovery issues informally. Further, we have stated with specificity the reasons we believe Plaintiff's requested discovery is improper. For these reasons, should you choose not to withdraw the pending discovery requests,

Jason Ehrenberg
December 15, 2006
Page 2

in addition to filing discovery motions, we reserve the right to seek sanctions. In light of the impending hearing, please let us know by Monday, January 18, 2006 at 5:00 p.m. whether you intend to withdraw the discovery requests Plaintiff propounded in this matter.

>Very truly yours,
>
>McGuireWoods LLP
>
>Halima Horton

cc: Ronda Brown Esaw, Esq.

\4320584.1