IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL CRUMMETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-1450 (HHK) |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, TO LIMIT THE SCOPE OF DISCOVERY AND FOR JUDGMENT ON THE PLEADINGS**

Defendants Metropolitan Life Insurance Company; Bureau of National Affairs Long Term Disability Group Policy ("the LTD Plan"); and the Bureau of National Affairs, Inc. (collectively, "MetLife"), by and through counsel, pursuant to LCvR. 7, respectfully requests that the Court: (1) limit discovery in this ERISA action; (2) enter a Protective Order quashing Plaintiff's Interrogatories, Request for Production of Documents and Notice of 30(b)(6) deposition; and (3) dismiss Plaintiff's breach of fiduciary duty claim.

### INTRODUCTION

This is an ERISA[1] action. The issue is whether wide-open, duplicative discovery is available in an action for ERISA-plan benefits that will be reviewed by the Court using the deferential arbitrary and capricious standard of review.

Plaintiff challenges the denial of long-term disability benefits ("LTD benefits") pursuant to ERISA and the LTD Plan. Under the LTD Plan, MetLife, which is the claims fiduciary, had discretion to make the benefits-denial decision at issue here. Therefore, in this case the Administrative Record constitutes the only admissible evidence.

---

[1] Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*

Nevertheless, Plaintiff seeks discovery that: (1) is *duplicative* because it requests information already contained within the Administrative Record and the LTD Plan—both of which have been produced to Plaintiff; and (2) is *irrelevant* to whether the benefits claims decision at issue here is arbitrary and capricious. Such discovery requests are inconsistent with the limitations placed on discovery in ERISA cases.

In addition to her benefits-denial claim, Plaintiff also brings a breach of fiduciary duty claim pursuant to ERISA. Plaintiff's breach of fiduciary duty claim, however, is not viable given that Plaintiff has an adequate remedy in her benefits denial claim. Therefore, Plaintiff's breach of fiduciary duty claim should be dismissed. Accordingly, Plaintiff's breach of fiduciary duty claim does not open the door to discovery outside the Administrative Record; thus, a Protective Order should be entered.

## FACTS

Plaintiff challenges the denial of LTD benefits pursuant to ERISA and the LTD Plan. (Docket Entry No. 1). The LTD Plan at issue grants discretion to the Administrator and other plan fiduciaries. It provides, in part:

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

(LTD Plan at bates-number ML 52). Despite the discretion granted to the Administrator and other plan fiduciaries, Plaintiff propounded Interrogatories, Requests for Production of Documents and a 30(b)(6) Deposition Notice. (*See* Exhibit 1 hereto).

MetLife repeatedly met with Plaintiff's Counsel in-person, via telephone and via correspondence, requesting that Plaintiff withdraw her discovery requests on the grounds

that discovery should be limited to the production of the Administrative Record and production of the Plan documents. (*See* Exhibit 2 hereto). MetLife has produced the LTD Plan and the Administrative Record that are at issue here. Plaintiff, however, has not withdrawn her discovery requests.

## ARGUMENT

As an initial matter, the denial of LTD benefits to Plaintiff should be reviewed under the deferential arbitrary and capricious standard of review. As the Supreme Court ruled in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), when "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the deferential "arbitrary and capricious" standard of review applies to the benefit-denial decision. Here, the discretion provided to the Administrator and other plan fiduciaries under the LTD Plan mandates deferential review of the benefits-denial decision. *See, e.g.,* Firestone, 489 U.S. at 115.

**I.   DISCOVERY SHOULD BE LIMITED TO THE ADMINISTRATIVE RECORD.**

As this Court has ruled, where, as here, a deferential standard of review applies, "the weight of authority clearly limits the evidence to the facts before the claim administrator or fiduciary at the time the benefits decision was made." *See Hunter v. Metropolitan Life Insurance Company*, 2002 U.S. Dist. LEXIS 26615 *2-*3 (D.D.C. 2002); *see also Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998), *citing Block v. Pitney Bowes, Inc.*, 952 F.3d 1450, 1455 (D.C. Cir. 1992) (and explaining, "courts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum"); *see also Stanley v. Metropolitan Life Ins. Co.*, 312 F.Supp.2d 786, 790 (E.D. Va. 2004) (explaining **"in that**

*no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible in this case"*) (emphasis added)).

*Stanley* supplies the reasoning behind denying discovery in ERISA actions:

> Trust principles govern the limitation of discovery in ERISA cases. Such principles enable ERISA trustees to render decisions without the shadow of court intervention, thereby fulfilling ERISA's goal of allowing employees and beneficiaries to resolve benefit claims inexpensively and expeditiously. *Donnell*, 2003 U.S. Dist. LEXIS 25352, 2003 WL 21655189, at *1[2] (*citing Perry v. Simplicity Engineering*, 900 F.2d 963, 966-67 (6th Cir. 1990)). Permitting district courts to consider evidence not presented to the plan administrator would "seriously impair" ERISA's efficiency goals. *Perry*, 900 F.2d at 967; *see also Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1983) (trial court improperly admitted evidence not before plan administrator, contrary to ERISA's policies of promoting "internal resolution of claims," permitting "broad managerial discretion" of plan fiduciaries, and encouraging "informal and non-adversarial proceedings"). The Fourth Circuit is strongly averse to "the transfer of the administration of benefit and pension plans from their designated fiduciaries to the federal courts." *Quisinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1022 (4th Cir. 1993) (*en banc*).

*Stanley*, 312 F.Supp.2d at 790. Thus, Plaintiff is not entitled to discovery on her ERISA claims because: (1) review of Plaintiff's LTD claim should be limited to the Administrative Record; and (2) discovery, by definition, seeks information outside of that Administrative Record. *See, e.g., id.*

## II. PLAINTIFF'S DISCOVERY REQUESTS ARE DUPLICATIVE AND OVERREACHING.

Many of Plaintiff's discovery requests seek information Plaintiff should gather from the Administrative Record and the plan documents produced to her. For example, the LTD Plan states the definition of disability and any other requirements for receiving LTD benefits. Further, ERISA requires that benefit-denial letters (included in the Administrative Record) contain the reasons a claim is denied. Yet, Plaintiff propounds an

---

[2] *Donnell v. Metropolitan Life Ins. Co.*, 2003 U.S. Dist. LEXIS 25352 (E.D. Va. 2003).

4

Interrogatory requesting that MetLife "Identify and describe in detail the standard applicable for receiving long-term disability benefits under the Bureau of National Affairs Disability Benefit Plan at the time of Plaintiff's application for benefits under that plan." *See* Plaintiff's Interrogatory No. 12 at Exhibit 1 hereto. The standard for receiving LTD benefits ***has been produced to Plaintiff*** via production of the LTD Plan and the Administrative Record. Plaintiff also requests a deposition to discuss "the basis for the denial of Plaintiff's claim for disability benefits." *See* Plaintiff's 30(b)(6) Deposition Topic No. 10 at Exhibit 1 hereto. The basis for MetLife's decision is spelled out in the Administrative Record. Plaintiff clearly requests information contained in documents that have been produced to her as a matter of course in ERISA actions.

Plaintiff's discovery requests are also overreaching. For example, Plaintiff requests information that has no bearing on her own disability claim; she requests ***every single document*** identifying the individuals charged with making determinations of disability benefit claim appeals for ***all employees or former employees*** of the Bureau of National Affairs. *See* Plaintiff's Document Request No. 17. The names of individuals deciding ***others' appeals*** can have no bearing on whether MetLife was arbitrary and capricious in deciding Plaintiff's claim, and the request is so broad that it would even encompass inter-office telephone lists containing the names of such decision-makers. Plaintiff even requests information regarding ***other LTD benefit lawsuits against all of the Defendants for the past six years***. *See, e.g.,* Interrogatory No. 13. Plaintiff's Requests for information regarding other claims appeals and other lawsuits are clearly overly broad for an ERISA case where the Court must decide whether MetLife's decision was arbitrary and capricious based on the Court's review of the Administrative Record.

III. **ALLEGED CONFLICT OF INTEREST DOES NOT OPEN THE DOOR TO DISCOVERY.**

Plaintiff has argued that there is a conflict of interest in this case because MetLife paid LTD benefits out of its own assets and makes decisions regarding whether to grant benefits. (*See* Docket Entry No. 1 at 6, ¶ 22). Plaintiff also has asserted that the alleged conflict of interest opens the door to discovery. (*See* Docket Entry No. 5 at fn. 2).

The fact that Plaintiff alleges a conflict of interest does not open the door to discovery. To allow discovery in ERISA cases where an administrator also funds the plan "would involve far-reaching, open-ended, nearly limitless discovery." *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1280 (C.D. Cal. 1998). "The tremendous expenses thereby incurred would frustrate the prompt and affordable resolution of benefits claims." *Stanley*, 312 F.Supp.2d at 791. *See also Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 512 (1st Cir. 2005) (noting that even where *de novo* review of an administrative record applied, "the claimant was not entitled to trial or to admit desired new evidence outside the administrative record *or to discovery*").

This Court has allowed discovery regarding the existence of a conflict of interest. *See Hurley v. Life Ins. Co. of N. Am.*, 2006 U.S. Dist. LEXIS 48835 *9-*10 (D.D.C. 2006). Here, however, Plaintiff already alleged that MetLife has a conflict of interest because MetLife funds the plan and makes benefit decisions. (*See* Complaint, Docket Entry No. 1 at 6, ¶ 22). Therefore, Plaintiff does not require additional discovery regarding the existence of a conflict. *See Spangler v. Unum Life Ins. Co. of Am.*, 38 F.Supp.2d 952, 955 (N.D. Okla. 1999) (explaining that when evidence related to a conflict of interest is apparent, "additional discovery, limited solely to this issue of conflict of interest is not necessary.").

IV.  **BREACH OF FIDUCIARY DUTY CLAIM DOES NOT OPEN THE DOOR TO DISCOVERY.**

Plaintiff also argues "that she is entitled to discovery on her claim for breach of fiduciary duty under ERISA, as discovery is standard for such claims." (Docket Entry No. 5 at 2). Plaintiff's breach of fiduciary duty claim is not an avenue for discovery. Because Plaintiff has an adequate remedy in her claim for disability benefits her breach of fiduciary duties claim should be dismissed. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *see also Hurley v. Life Ins. Co. of North America, et al.*, 2005 U.S. Dist. LEXIS 43038 *32 (D.D.C. 2005) (*citing Varity* and dismissing a plaintiff's breach of fiduciary duty claim and explaining, "Plaintiff's claim for relief for breach of a fiduciary duty under Section 409 would be inappropriate, given Plaintiff's valid claim under Section 502(a)(1)(B) in Count I"). *See also Korotynska v. Metropolitan Life Insurance Co.*, 2006 U.S. App. LEXIS 30535 (4th Cir. 2006) (granting judgment on the pleadings to MetLife on the plaintiff's breach of fiduciary claim because the plaintiff had raised an LTD benefits claim).

In *Korotynska*, the Fourth Circuit recently explained:

> . . . the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). *See, e.g., Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir. 2003); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610-11 (5th Cir. 1998); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir. 1998); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-75 (9th Cir. 1997); *Wald v. Sw. Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996).
>
> These courts have not allowed claimants to proceed with § 1132(a)(3) claims where relief was potentially available to them under § 1132(a)(1)(B), because, in *Varity*, "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins*, 150 F.3d at 615. A plaintiff whose injury consists of a denial of benefits "has adequate relief available for the alleged improper denial of benefits through his right to sue [the benefit plan]directly under section 1132(a)(1)," and thus "relief through the application of

Section 1132(a)(3) would be inappropriate." *Tolson*, 141 F.3d at 610. To allow a claim under § 1132(a)(3) would permit "ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Wilkins*, 150 F.3d at 616.

*Korotynska*, 2006 U.S. App. LEXIS 30535 *13-*15.

Here, ***inconsistent with precedent*** by the Supreme Court, this Court, the Fourth Circuit and the majority of Circuit Courts, Plaintiff has raised an ERISA § 502(a)(3) breach of fiduciary duty claim ***even though*** she also has raised an ERISA § 502(a)(1)(B) LTD benefits claim. Therefore, Defendants should be granted judgment on the pleadings with respect to Plaintiff's breach of fiduciary duty claim, and Plaintiff should not be granted discovery merely because of her ***invalid*** breach of fiduciary duty claim.[3] Additionally, Defendants ***twice*** pointed out to Plaintiff's counsel that Plaintiff could not pursue a breach of fiduciary duty claim; in one instance Defendants cited authority from this Court and the Supreme Court; and Defendants reserved the right to seek sanctions. (*See* Exhibit 2 hereto). The parties' counsel also discussed the matter at length. Therefore, Defendants respectfully request their costs and reasonable attorneys' fees in briefing the issue of whether Plaintiff's breach of fiduciary duty claim is viable and is an avenue for discovery.

---

[3] "The standard of review for motions for judgment on the pleading under Rule 12(c) is essentially the same as that for motions to dismiss under Rule 12(b)(6)." *Richmond v. Putter*, No. 03-00018 (CKK), 2004 U.S. Dist. LEXIS 25374, at *10 (D.D.C. Sept. 30, 2004). Indeed, under Rule 12(c), a motion for judgment on the pleadings <u>shall be granted</u> if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law. *See Stewart v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002).

## CONCLUSION

In this ERISA LTD benefits action—that is subject to discretionary review—Plaintiff seeks wide-open, abusive discovery that: (1) duplicates the information contained in the LTD Plan and the Administrative Record; and (2) has nothing to do with whether the Administrator was arbitrary and capricious in deciding Plaintiff's claim. Despite Plaintiff's invalid breach of fiduciary duty claim and the alleged conflict of interest, here, discovery should be limited to the production of the plan documents and the Administrative Record; a protective order should be issued, quashing Plaintiff's written discovery requests and Notice of 30(b)(6) Deposition; Plaintiff's breach of fiduciary duty claim should be dismissed; and Defendants should be awarded their costs and attorneys' fees in briefing the issue regarding Plaintiff's invalid breach of fiduciary duty claim.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY, BUREAU OF NATIONAL AFFAIRS LONG TERM DISABILITY GROUP POLICY, BUREAU OF NATIONAL AFFAIRS, INC.

By Counsel

/s/ Ronda Brown Esaw
Ronda Brown Esaw
DC Bar No. 494516

McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5000
Telecopier:  (703) 712-5050

Halima Horton
McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 443-5715
Telecopier: (404) 443-5765

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served via first class mail, postage prepaid, on January 8, 2007, on the following:

>Jason H. Ehrenberg
>Bailey & Ehrenberg PLLC
>1155 Connecticut Avenue, N.W.
>Suite 1100
>Washington, D.C. 20036

/s/ Ronda Brown Esaw

11