IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL CRUMMETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-1450 |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the defendants' motion for a protective order and for judgment on the pleadings in the above-captioned matter. The plaintiff seeks long-term disability benefits pursuant to a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The plan grants discretion to the administrator and other plan fiduciaries, attaching arbitrary and capricious review to MetLife's decision. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Thus, MetLife's benefit-denial decision is to be reviewed solely based on the administrative record. *See Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998).

The plaintiff seeks a wide-range of discovery regarding matters not contained in the administrative record. For example, the plaintiff seeks information regarding other lawsuits and a deposition to explore the basis for the benefit-denial decision. The Court finds that the plaintiff's discovery requests are over-reaching in many respects and generally precluded where the decision is to be reviewed on the basis of the administrative record. *See Hunter v. Metropolitan Life Insurance Company*, 2002 U.S. Dist. LEXIS 26615 (D.D.C. 2002) (denying the plaintiff's motion to compel discovery in an ERISA action); *see also Stanley v. Metropolitan Life Ins. Co.*, 312 F.Supp.2d 786, 790

(E.D. Va. 2004) (explaining "in that no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible in this case").

The plaintiff also raises a breach of fiduciary duty claim, and she has asserted that such a claim provides a basis for discovery. The plaintiff's breach of fiduciary duty claim, however, is precluded because she also has raised a claim for the denial of disability benefits. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *see also Hurley v. Life Ins. Co. of North America, et al.*, 2005 U.S. Dist. LEXIS 43038 *32 (D.D.C. 2005) (*citing Varity* and dismissing a plaintiff's breach of fiduciary duty claim and explaining, "Plaintiff's claim for relief for breach of a fiduciary duty under Section 409 would be inappropriate, given Plaintiff's valid claim under Section 502(a)(1)(B) in Count I").

For the foregoing reasons, defendants' motion is hereby **GRANTED**. The plaintiff's discovery requests are **QUASHED**, and her breach of fiduciary duty claim is **DISMISSED**. The defendants presented evidence that they conferred extensively with the plaintiff regarding the invalidity of her breach of fiduciary duty claim. It is therefore further **ORDERED** that the defendants shall recover their reasonable costs and attorneys' fees in litigating the issue regarding the breach of fiduciary duty claim. The defendants are **ORDERED** to submit a statement of costs within ten (10) days of the date of this order.

**SO ORDERED** this _____ day of _____, 2007.

THE HONORABLE HENRY H. KENNEDY
United States District Judge