# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL LAMONTE, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | NO: 04-2293 |
| : | |
| NATIONWIDE INSURANCE : | |
| COMPANIES AND AFFILIATES : | |
| EMPLOYEE HEALTH CARE PLAN, ET AL. : | |
| : | |
| Defendants. : | |

## ORDER

**AND NOW,** on this 3rd day of February, 2005, upon consideration of defendants' Motion for Partial Judgment on the Pleadings (Doc. 14) and plaintiff's Response in Opposition (Doc. 17), **IT IS HEREBY ORDERED AND DECREED** that defendants' motion is **DENIED.**[1]

**IT IS FURTHER ORDERED** that upon consideration of defendants' Motion for a Protective Order (Doc. 25) and plaintiff's Response in Opposition (Doc. 28), defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Discovery is limited to those issues which will assist the Court in determining the proper standard of review.

BY THE COURT:

/S/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] Plaintiff is permitted to seek relief under both 29 U.S.C §§ 1132(a)(1) and 1132(a)(3). The Court is persuaded by Judge Reed's opinion in *Parente v. Bell Atlantic,* which reasoned that relief under the two ERISA sections was not mutually exclusive. 2000 U.S. Dist. Lexis 4851 (E.D. Pa. April 19, 2000). Plaintiff should be allowed to proceed under both sections because it is clear from the face of the complaint that she can state a claim under both sections. Moreover, alternative pleading is encouraged by Fed R. Civ. P. 8(e), which states that "a party may...state as many separate claims or defenses as the party has regardless of consistency."