**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHERYL CRUMMETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:06-cv-1450 (HHK) |
| ) | |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
AND FOR JUDGMENT ON THE PLEADINGS**

Defendants Metropolitan Life Insurance Company ("MetLife"); Bureau of National Affairs Long Term Disability Group Policy ("the LTD Plan"); and the Bureau of National Affairs, Inc., (collectively "Defendants"), by and through counsel, respond to Plaintiff's Opposition Memorandum, Docket Entry No. 11 ("Opposition").

**OVERVIEW**

In her Opposition, Plaintiff asks the Court to allow her to pursue her breach of fiduciary duty claims *simultaneously with* her LTD benefit claims. Plaintiff, however, ignores this Court's precedent, mandating that her breach of fiduciary duty claims be dismissed at this stage.

Regarding Plaintiff's discovery requests, Plaintiff asserts this Court needs discovery to determine whether there is a conflict of interest. Plaintiff, however, fails to mention that she already knows the facts that allegedly create a conflict of interest. Thus, based on her own pleadings, Plaintiff does not need discovery to determine whether there is a conflict of interest, and she certainly does not need responses to discovery requests and to take a deposition relating to topics that reach far beyond the issue of whether there

is a conflict of interest. Accordingly, a protective order should be entered; quashing Plaintiff's pending discovery requests.

## PRELIMINARY STATEMENT

Plaintiff alleges that fibromyalgia (a condition characterized by generalized muscular pain and fatigue)—and various other ailments—render her disabled and qualified for LTD benefits under the LTD Plan. *See, e.g.,* Docket Entry No. 11 at 2-3. In her Opposition, Plaintiff misrepresents various facts contained in the Administrative Record—"facts" that she never connects with any professed need for discovery. *See* Docket Entry No. 11 at 3-6. For example, Plaintiff contends, "specifically, it is clear from the [July 14, 2006] letter that the (sic) MetLife failed to consider any of the medical documentation submitted by Plaintiff on appeal." To the contrary, *five paragraphs* of MetLife's July 14, 2006 denial letter to Plaintiff are devoted to the ***medical evidence Plaintiff submitted*** in support of her claim. *See* Admin. Rec. at 90.[1] MetLife's July 14, 2006 letter points out medical documentation Plaintiff submitted ***that supports Plaintiff***: "Dr. Levin stated that you were unable to perform your job duties because you were unable to schedule meetings because of unpredictable fatigue and cognitive dysfunction." *Id.* The letter also points out medical documentation Plaintiff submitted ***that does not support Plaintiff's*** claim:

> You were seen by Dr. Mayo Friedlis, **your physical medicine and rehabilitation physician** on April 24, 2006

---

[1] Excerpts from the Administrative Record are attached hereto as Exhibit 1. References to "Admin. Rec. at ---" refer to the bates-stamp numbers on the documents. The Defendants provide limited citation to the Administrative Record to respond to the facts set fourth in Plaintiff's Opposition, which Plaintiff argues are the facts entitling her to discovery. The facts referred to here by the Defendants need not be considered in support of its motion for judgment on the pleadings.

> who stated that you were seen for a follow up evaluation for complaints of chronic neck pain, back pain, generalized pain and fatigue. **On physical examination your strength, sensation and muscle tone were normal. You were alert and fully oriented. Your gait was non-antalgic[2] and coordination was normal.**

Admin. Rec. at 90 (emphasis added).

These statements—and the five paragraphs in the July 14, 2006 denial letter focused on evidence submitted by Plaintiff—belie Plaintiff's contention that MetLife's letter makes it clear that MetLife failed to consider the medical evidence Plaintiff submitted in support of her claim. The letter shows MetLife considered medical evidence Plaintiff submitted; such evidence showed Plaintiff's own doctors disagreed as to her limitations. Moreover, *the denial letter is in the Administrative Record* that has been produced to Plaintiff, and this is the same Administrative Record the Court will review in deciding whether to affirm MetLife's determination. Thus, Plaintiff does not need discovery about what is in the Administrative Record; she can make her arguments, just as she did in her opposition brief.

## ARGUMENT

**I.   Plaintiff's Breach of Fiduciary Duty Claim Should Be Dismissed.**

As an initial matter, Plaintiff inadequately attempts to distinguish *Hurley v. Life Ins. Co. of North America, et al.*, 2005 U.S. Dist. LEXIS 43038 (D.D.C. 2005). *See* Docket Entry No. 11 at 6, fn. 1. In *Hurley*, this Court mandated that a breach of fiduciary

---

[2] In her Opposition, Plaintiff asserts "MetLife and its consulting physicians ignored the medical documentation submitted by Plaintiff because that documentation clearly stated – contrary to MetLife's assertion – that Plaintiff's gait was dysfunctional." Docket Entry No. 11 at 5. Here, however, Plaintiff's doctor, Dr. Friedlis, asserts Plaintiff's gait was **non-antalgic**. "Antalgic" is defined as "a characteristic gait resulting from pain on

claim *cannot co-exist* with a cognizable benefits claim. *Without any analysis*, Plaintiff attempts to distinguish *Hurley* by asserting that the Plaintiff's breach of fiduciary duty claim was brought under Section *502(a)(3)* while the *Hurley* plaintiff brought his breach of fiduciary duty claim under *Section 502(a)(2)*. *See* Docket Entry No. 11 at 6, fn. 1. However, *Hurley* did not turn on any inquiry regarding the use of § 502(a)(2) versus § 502(a)(3). Indeed, in ruling that a breach of fiduciary duty claim cannot co-exist with a cognizable benefits claim, *Hurley* relied upon *Varity*, wherein the Supreme Court addressed *a § 502(a)(3) claim*:

> The Supreme Court has found that 'where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further relief, in which case such relief would normally not be appropriate.' **Varity Corp v. Howe**, 516 U.S. 489, 515 (1996)[3] (quoting 29 U.S.C. § 1132(a)(2)). **Thus, Plaintiff's claim for relief for breach of a fiduciary duty under Section 409 would be inappropriate, given Plaintiff's valid claim under Section 502(a)(1)(B).**

*Hurley*, 2005 U.S. Dist. LEXIS 43038, at *32 (2005) (emphasis added). Thus, this Court's ruling in *Hurley* applies with equal force to Section 502(a)(2) and 502(a)(3) breach of fiduciary duty claims, and Plaintiff's breach of fiduciary duty claim should be dismissed.

Plaintiff also claims that dismissal of her breach of fiduciary duty claim is inappropriate at the pleading stage because she is allowed to plead in the alternative and because it is not yet clear whether she will prevail on her benefits claim. *See* Docket

---

weight bearing in which the stance phase of gait is shortened on the affected side." But Plaintiff's doctor determined Plaintiff's gait was non-antalgic.

[3] *See Varity Corp.*, 516 U.S. 489, 495 (making clear that the Court was addressing an ERISA *§ 502(a)(3)* breach of fiduciary duty claim—the same claim the instant Plaintiff brings).

4

Entry No. 11 at 6-10.[4] The breach of fiduciary duty claim, however, is meant to be a gap-filling claim. As the Eighth Circuit recently explained, *it is the mere right* to bring a benefits claim that extinguishes the right to bring a breach of fiduciary duty claim: "where a plaintiff is provided adequate relief by *the right to bring* a claim for benefits under § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B) [ERISA § 503(a)(3)]" (emphasis added). *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006).

Similarly, in *Hurley*, when this Court dismissed the plaintiff's breach of fiduciary duty claim, this Court had not yet rendered a decision on the merits of the plaintiff's benefits claim, but focused on whether Congress had provided a cause of action the plaintiff could pursue separate from his breach of fiduciary duty claim. *Hurley*, 2005 U.S. Dist. LEXIS 43038. In *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1288 (11th Cir. 2003), the court held that even though res judicata barred the plaintiffs' benefits claim, they "could not have pleaded or proceeded under a Section 502(a)(3) theory of recovery." *Ogden*, 348 F.3d at 1288. The court stated, "we refuse to grant plaintiffs in the Ogdens' position two bites at the apple *solely because their first ERISA cause of action was unsuccessful.*" *Id.* (emphasis in the original). Moreover, "the central focus of the *Varity* inquiry involves whether Congress has provided an adequate remedy for the injury alleged elsewhere in the ERISA statutory framework." *Id. See also Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (affirming the

---

[4] Plaintiff also relies on *Doyle v. Nationwide Ins. Cos. & Affiliates Employee Health Care Plan*, 240 F.Supp.2d 328, 349-50 (E.D. Pa. 2003) to support her argument that she may bring both claims simultaneously, but in *Doyle*, the court followed *Varity* and dismissed the plaintiff's breach of fiduciary duty claim, in part, because the plaintiff also proceeded with a benefits claim.

5

dismissal of breach of fiduciary duty claims regardless of the fact that a simultaneous benefits claim failed: "the simple fact that Tolson did not prevail on his claim under § 1132(a)(1) does not make his alternative claim under § 1132(a)(3) viable". Thus, Plaintiff cannot plead a breach of fiduciary duty claim in the alternative.

Here, the fact that Congress provided a benefits claim Plaintiff could (and did) pursue forecloses a breach of fiduciary duty claim, a gap-filling claim, which Plaintiff has wrongfully used as an avenue for discovery. *See Varity*, *Hurley*, *Antolik*, *Ogden*, *Tolson*, *supra*. Therefore, Plaintiff's breach of fiduciary duty claim should be dismissed, and she should not be granted discovery on the basis of that foreclosed claim.

## II.     Plaintiff's Discovery Requests Are Needless.

Plaintiff argues "discovery is necessary to allow the Court to determine what standard of review to apply to Plaintiff's benefit claim, and discovery regarding MetLife's alleged conflict of interest . . . is directly relevant to determining the appropriate standard of review." Docket Entry No. 11 at 11. Here, however, Plaintiff ***already alleged the specific facts*** that MetLife allegedly has a conflict of interest because it funds the plan and makes benefit decisions. *See* Complaint, Docket Entry No. 1 at 6, ¶ 22. Plaintiff could not have alleged such specific facts unless she had evidence of those facts (which should be apparent from the plan documents). Therefore, Plaintiff does not require additional discovery regarding the existence of a conflict of interest. *See Spangler v. Unum Life Ins. Co. of Am.*, 38 F.Supp.2d 952, 955 (N.D. Okla. 1999) (explaining that when evidence related to a conflict of interest is apparent, "additional discovery, limited solely to this issue of conflict of interest is not necessary").

Further, the vast majority of Plaintiff's discovery requests are not aimed at determining the existence of a conflict of interest, but seek information already contained in the Administrative Record and the plan documents—the body of evidence available for this Court's review.[5] For example, of Plaintiff's eight Interrogatory Requests, only Interrogatory No. 8 seeks evidence regarding the funding structure of the disability plan at issue in this case. Defendants do not dispute that MetLife issued a group policy of insurance to BNA to fund the Plan and MetLife is the Plan's claim fiduciary. Additionally, a significant number of Plaintiff's document requests seek documents that have already been produced to Plaintiff via production of the Administrative Record. *See, e.g.,* Document Request Nos. 1, 5, 6, and 7 (seeking "all medical records, reports or narratives relating to Plaintiff," "documents Plaintiff submitted . . . with regard to her claim for disability benefits . . ." and the Administrative Record). Likewise, Plaintiff's deposition topics also seeks information not related to whether there is a conflict of interest. *See, e.g.,* Deposition Topic No. 12 (requesting any legal advice that one of the Defendants received in its capacity as a fiduciary). Indeed, she seeks three separate 30(b)(6) depositions, which are not necessary. Therefore, although Plaintiff contradicts her previous pleadings by professing to need discovery regarding whether there is a conflict of interest, Plaintiff's extensive discovery requests go far beyond this issue. Accordingly, as this Court's review should be limited to the Administrative Record, this

---

[5] *See Hunter v. Metropolitan Life Insurance Company*, 2002 U.S. Dist. LEXIS 26615 at *2-*3 (D.D.C. 2002); *see also Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998), *citing Block v. Pitney Bowes, Inc.*, 952 F.3d 1450, 1455 (D.C. Cir. 1992) (and explaining, "courts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum"); *see also Stanley v. Metropolitan Life Ins. Co.*, 312 F.Supp.2d 786, 790 (E.D. Va. 2004) (explaining *"in that*

Court should grant Defendants' motion for a protective order and quash Plaintiff's unnecessary, overly broad discovery requests.

## CONCLUSION

Despite Plaintiff's invalid breach of fiduciary duty claim and her professed desire to learn whether there is a conflict of interest, discovery should be limited to the production of the plan documents and the Administrative Record (which have been produced). Accordingly, a protective order should be issued, quashing Plaintiff's written discovery requests and Notice of 30(b)(6) Deposition; Plaintiff's breach of fiduciary duty claim should be dismissed with prejudice; and Defendants should be awarded their costs and attorneys' fees in briefing the issue regarding Plaintiff's invalid breach of fiduciary duty claim.

                                          Respectfully submitted,

                                          METROPOLITAN LIFE INSURANCE
                                          COMPANY, BUREAU OF NATIONAL
                                          AFFAIRS LONG TERM DISABILITY
                                          GROUP POLICY, BUREAU OF NATIONAL
                                          AFFAIRS, INC.

                                          By Counsel

/s/ Ronda Brown Esaw
Ronda Brown Esaw.
DC Bar No. 494516
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5000
Telecopier:  (703) 712-5050

---

*no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible in this case"*) (emphasis added)).

Halima Horton
McGUIREWOODS LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309
Telephone:  (404) 443-5715
Telecopier:  (404) 443-5765

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served via first class mail, postage prepaid, on February 2, 2007, on the following:

>Jason H. Ehrenberg
>Bailey & Ehrenberg PLLC
>1155 Connecticut Avenue, N.W.
>Suite 1100
>Washington, D.C. 20036

/s/ Ronda Brown Esaw

\4416001.2