Corrected letter

July 14, 2006

**MetLife®**

Metropolitan Life Insurance Company
PO Box 14592
Lexington, KY 40511-4592

Cheryl Crummett
3230 Gunston Road
Alexandria VA 22302

Re: Long-Term Disability
    Claimant: Cheryl Crummett
    Group: 116437
    The Bureau of National Affairs, Inc.
    Claim No.: 690512216189

Dear Ms. Crummett:

We have completed our review of the denial of your claim for disability benefits. For the following reasons, the original determination to deny benefits is upheld upon appeal review.

The Bureau of National Affairs, Inc.'s Plan states the following:

> "**Disabled**" or "**Disability**" means that, due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
>   - during your Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of your Predisability Earnings at Your Own Occupation from any employer in your Local Economy; and
>   - after such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.
>
> **Elimination Period** means the period of Your disability during which We do not pay benefits. The Elimination Period begins on the day You become Disabled and continues for the period shown in the SCHEDULE OF BENEFITS.
>
> Elimination Period 90 Days"

For benefits to be approved you must meet all the above criteria.

**EXHIBIT**
1

ML 89

We have reviewed your entire claim. This includes but is not limited to information from June 2005 through April 2006.

Information on file indicates that you were last at work on December 8, 2005. Diagnoses noted in the file are fibromyalgia, migraine, Sacroiliitis and chronic fatigue syndrome. Based on the Plan Elimination Period, benefits for Long Term Disability would have become effective March 9, 2006.

On September 26, 2005 Dr. Charles Marcantonio stated in a letter that you have been seeing him since June 27, 2003 through July 7, 2005. He stated a diagnosis of dysthymia.

The letter dated October 18, 2005 from Dr Bernard Mathis Malloy, your psychiatrist, stated that he had treated you since June 13, 2003 for Bipolar disorder. He noted that you have remained on antidepressants throughout your treatment and you were seen monthly. Dr. Malloy also stated that your medications have included Strattera, Provigil, Concerta and Ritalin.

The Attending Physician Statement completed by Dr. Norman Levin, your rheumatologist, on December 2, 2005 noted diagnoses of fibromyalgia and chronic fatigue immune dysfunction syndrome. Dr. Levin stated that you were unable to perform your job duties because you were unable to schedule meetings because of unpredictable fatigue, cognitive dysfunction and pain.

Dr. Always, your neurologist, stated on December 5, 2005 you had complaints of headaches. He noted that your neurological deficits and gait were normal.

You were seen by Dr. Mayo Friedlis, your physical medicine and rehabilitation physician on April 24, 2006 who stated that you were seen for a follow up evaluation for complaints of chronic neck pain, back pain, generalized pain and fatigue. On physical examination your strength, sensation and muscle tone were all normal. You were alert and fully oriented. Your gait was non-antalgic and coordination was normal. Dr. Friedlis recommended the consideration of spinal inervential procedures and that you continue with your treatment with Dr. Levin.

In an effort to provide you with a full and fair review your entire claim file was reviewed by two Independent Physician Consultants, one Board Certified in Psychiatry and one Board Certified in Physical Medicine and Rehabilitation.

The consultant, Board Certified in Psychiatry noted that the documents do not indicate the presence of limitations due to psychiatric illness from December 9, 2005 through the present. The documents available for review do not support the presence of functional limitations due to a psychiatric illness. The consultant noted that review of the information on file indicates that you have tingling fingers and you take Klonopin, but there is no indication that this caused functional impairment. Your psychiatrist opines that your psychiatric disorder has aggravated your physical condition but did not elaborate on this. The consultant also noted that your psychiatrist also stated disability/retirement should be considered if your work place cannot provide modifications, but does not note any modifications which your psychiatric condition might require. The consultant noted that your psychiatrist and psychologist do not indicate cognitive problems. There is no indication of psychosis, extreme behavioral dyscontrol, dementia, or other severe symptoms. Your psychologist does not note any functional limitation. There is subjective complaint of "cognitive dysfunction" but no objective indication of this. Your complaints of low energy were not considered to be due to poorly controlled depression.

The consultant concluded by stating that the documents available for review do not support the presence of functional limitations due to a psychiatric illness. There is subjective complaint of "cognitive dysfunction" but

ML 90

no objective indication of this. You complained of low energy, but this was not considered to be due to poorly controlled depression.

The consultant, Board Certified in Physical Medicine and Rehabilitation and Pain Management noted that the medical documentation on file does not support functional limitations or your inability to function through your elimination period of December 9, 2005 through the present. The consultant noted that you have a well documented history of chronic pain complaints and fatigue with an underlying psychiatric diagnosis. However, from a physical medicine & rehabilitation and pain management perspective there remains no objective impairment to support any specific occupational restrictions. There are no objective focal neurological deficits on physical examination and gait is consistently documented as normal. You are independent for activities of daily living and ambulation. The consultant noted that there remains no objective impairment via neurological examination, radiological evaluations, laboratory studies or electrodiagnostic studies to support any specific occupational restrictions/limitations.

The consultant concluded by stating you have complaints of chronic generalized musculoskeletal pain and fatigue. You have been evaluated by several physicians including specialists in neurology, rheumatology, psychiatry, internal medicine and physical medicine. There are no objective focal neurological deficits on physical examination and gait is consistently documented as normal. You are independent for activities of daily living and ambulation. The consultant concluded by stating that there remains no objective impairment as a result of neurological examination, radiological evaluations, laboratory studies or electrodiagnostic studies to support any specific occupational restrictions or limitations.

Review of the information that has been submitted on appeal, along with the information on record, does not support an impairment severe enough to prevent you from performing the functional duties of the medium occupation as an account executive from December 9, 2005 through your elimination period of March 8, 2006 and then from March 9, 2006 to the present. Therefore, the original claim determination was appropriate.

Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim. You also have the right to bring civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

You have exhausted your administrative remedies under the plan, and no further appeals will be considered.

Sincerely,

*Rosemary Harmon*

Rosemary Harmon
Procedure Analyst
MetLife Disability
(800) 300-4296

ML 91