UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHERYL CRUMMETT,**<br><br>            Plaintiff,<br><br>      v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY, et al.,**<br><br>            Defendants. | Civil Action 06-01450  (HHK) |

**MEMORANDUM OPINION AND ORDER**

This is an action brought by plaintiff Cheryl Crummett pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in which Crummett claims that defendants Metropolitan Life Insurance Company ("MetLife Co."); Bureau of National Affairs Long Term Disability Groups Policy (the "Plan"); and the Bureau of National Affairs, Inc. ("BNA"),[1] wrongfully denied her long-term disability ("LTD") benefits and breached their fiduciary duties to her.  Before the court are MetLife's combined motions for a protective order against discovery [#9] and for partial judgment on the pleadings [#10].  These motions present two questions: (1) whether, given the Plan's vesting of discretion with MetLife regarding benefits decisions, Crummett may seek any discovery in this action; and (2) whether Crummett may bring claims both for wrongful denial of benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C.

---

[1] Hereinafter, the court will refer to defendants collectively as "MetLife."

§ 1132(a)(1)(B), and for breach of fiduciary duty pursuant to § 502(a)(3) of the Act, 29 U.S.C. § 1132(a)(3). Upon consideration of the motions, the opposition thereto, and the record of this case, the court concludes that Crummett may not pursue claims under both § 502(a)(1)(B) and § 502(a)(3) but may seek limited discovery.

## I. BACKGROUND

The Plan is an employee welfare benefit plan. MetLife Co. is the designated claims administrator of the Plan and BNA is the designated "Plan Administrator," and "Plan Sponsor" of the Plan. By virtue of her status as an employee of BNA, Crummett was eligible to participate in the Plan. During her employment with the Company, Crummett became stricken with a serious illness and disease. She applied for benefits under the Plan in late 2005.[2] MetLife ultimately denied her application, and Crummett filed the present action.

## II. ANALYSIS

**A.    May Crummett Maintain Claims Under Both § 502(a)(1)(B) And § 502(a)(3)?**

ERISA § 502(a) provides, in pertinent part, that "a civil action may be brought" under ERISA:

(1) by a participant or beneficiary —

---

[2] According to MetLife, the Plan states:

In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

Defs' Mem. in Supp. of Mot. for Protective Order at 2.

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; [or]
>
> . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a). MetLife contends that Crummett's § 502(a)(3) claim for breach of fiduciary duty should be dismissed as being duplicative of her § 502(a)(1)(B) claim for denial of benefits.

In support of its position, MetLife relies on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and its progeny. In *Varity*, the Supreme Court held that § 502(a)(3) authorizes "appropriate" equitable relief, including claims for breach of fiduciary duty, at least in circumstances where Congress has not "elsewhere [in ERISA] provided adequate relief for a beneficiary's injury." *Id.* at 515.[3] Metlife contends that because Crummett may pursue a claim for benefits under § 502(a)(1)(B), she has an adequate remedy and her claim § 502(a)(3) claim must be dismissed.

The D.C. Circuit has not addressed the question of whether plaintiffs may pursue claims under both subsections; other courts are somewhat split on the question. The majority view is that, at least where a plaintiff's fiduciary-duty/equitable claims brought under § 502(a)(3) are "nothing more than repackaged denial of benefits claims," *Gore v. El Paso Energy Corp.*, 477

---

[3] The Court described section (a)(3) as a "'catchall' provision[ that acts] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 512. The Court further explained that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 515.

3

F.3d 833, 838 (6th Cir. 2007), they must be dismissed. *Ibid.* (citing *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (holding that if such claims could go forward, plaintiffs would be allowed "to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected" in *Varity*)); *Hurley v. Life Ins. Co. of N. Am.*, 2005 U.S. Dist. LEXIS 43038, at *31–*34 (D.D.C. July 7, 2005) ("*Hurley I*") (concluding, upon review of a motion to dismiss, that a plaintiff's "claim for ERISA breach of fiduciary duty is preempted by the existence of a valid claim . . . for denial of benefits"); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101 (4th Cir. 2006) (holding that a plaintiff's § 502(a)(3) claim could not proceed because allegations of procedural deficiencies in the denial of benefits were adequately remedied pursuant to § 502(a)(1)(B)); *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006) ("Where a plaintiff is provided adequate relief by the right to bring a claim for benefits under . . . § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)." (quotation omitted)); *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1072–73 (11th Cir. 2004) ("[A]n ERISA plaintiff with an 'adequate remedy' under Section 502(a)(1)(B) [may] not alternatively plead and proceed under Section 502(a)(3)."); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (plaintiff seeking redress for the denial of benefits had adequate relief under § 502(a)(1)(B) and could not pursue a claim under § 502(a)(3)). The Second Circuit has held — not necessarily in disagreement with its sister circuits — that *Varity* does not create a bright-line rule barring equitable claims where benefits-denial claims are asserted, but rather simply stands for the proposition that where adequate remedies lie elsewhere, claims under § 502(a)(3) "*normally* [will] not be 'appropriate.'" *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89

(2d Cir. 2001) (quoting *Varity*, 516 U.S. at 515); *see also Green v. ExxonMobil Corp.*, 470 F.3d 415, 421 (1st Cir. 2006) (declining "to address the broader controversy about the scope of section (a)(3)" because there was no breach of fiduciary duty in the case at bar).

Crummett does not dispute that where an adequate remedy is available under subsection (1)(B), claims under subsection (3) are inappropriate; rather, she asserts that fiduciary duty claims should not be dismissed at the pleadings stage — that is, the claim should be allowed to proceed until it is apparent that the remedies available pursuant to subsection (1)(B) are, in fact, inadequate. Several cases support this view. *See Goepfort v. Trustmark Ins. Co.*, 2006 U.S. Dist. LEXIS 64779, at *6 (E.D. Wisc. Sept. 11, 2006) ("[A] district court generally should not dismiss a [§ 502(a)(3)] claim as duplicative of a claim for benefits at the motion to dismiss stage of a case. This is so because: (1) it may be difficult to determine at the pleading stage of a case whether relief is available under [§ 502](a)(1)(B); (2) some allegations might support a claim under [§ 502](a)(1)(B) and others a claim under [§ 502](a)(3); (3) *Varity Corp.* did not deal with pleading but with relief; and (4) federal pleading rules allow a plaintiff to plead claims hypothetically or alternatively."); *Doyle v. Nationwide Ins. Cos. & Affiliates Employee Health Care Plan*, 240 F. Supp. 2d 328, 349–50 (E.D. Pa. 2003) (rejecting the view that there is a bright-line rule that a claim for equitable relief under Section 502(a)(3) should be dismissed when a plaintiff also brings a claim under Section 502(a)(1)(B)); *Parente v. Bell Atlantic-Pennsylvania*, 2000 WL 419981, at *2–*3 (E.D. Pa. April 18, 2000) (permitting plaintiff to proceed under both 502(a)(1)(B) and (a)(3) until it could be determined whether § 502(a)(1)(B) in fact provided plaintiff adequate relief from her injuries).

The court agrees that dismissal of § 502(a)(3) claims should not automatically occur simply because a complaint also brings § 502(a)(1)(B) claims. The court does not agree with Crummett, however, that in such circumstances, the mere inclusion of such claims in the complaint warrants holding the court's scrutiny in abeyance until after the "adequacy" of other remedies is determined on the merits (i.e., at the summary judgment stage or later). Whether judgment may be entered on the pleadings is a question informed by the facts and injuries alleged (as well as by the remedies sought), and where the pleadings make it apparent that the plaintiff has adequate remedies elsewhere, § 502(a)(3) claims may be dismissed. Such adequacy is apparent here. The gravamen of Crummett's complaint is that she was improperly denied benefits, and the remedies she seeks are wholly directed at recovering for that denial. She alleges no other injuries and seeks no other remedies. Should she prevail, her remedies under subsection (1)(B) will make her whole and equitable relief will be unnecessary; should she lose, it will be because she is not entitled (equitably or otherwise) to recover at all. In short, she has merely "repackage[d] . . . her 'denial of benefits' claim as a claim for 'breach of fiduciary duty.'" *Varity*, 516 U.S. at 513. In these circumstances, the court concludes with little hesitancy that Crummett's remedies pursuant to subsection (1)(B) are adequate and that her fiduciary-duty claim must be dismissed.

**B.     Whether Crummett May Seek Discovery**

MetLife next contends that Crummett may not seek discovery because benefits denials under the Plan are reviewed for abuse of discretion, *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (holding that "a denial of benefits challenged under [§ 502](a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or

fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan"); *Wagener v. SBC Pension Benefit Plan-Non Bargained Program*, 407 F.3d 395, 402 (D.C. Cir. 2005) (noting that this standard of review has been "variously described by the Court as 'arbitrary and capricious' and 'abuse of discretion' review [and] is plainly deferential"); *Block v. Pitney Bowes, Inc.*, 952 F.2d 1450, 1452, 1454 (D.C. Cir. 1992) (defining the standard as one of "reasonableness"), and may only be based on the record available to the administrator or fiduciary at the time the decision was made, *id.* at 1455 ("Courts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum.").

While discovery is generally unavailable where an ERISA plan grants discretion to the administrator, there are limited exceptions to this prohibition. *See Doe v. MAMSI Life & Health Ins. Co.*, 448 F. Supp. 2d 179, 183 (D.D.C. 2006). First, courts have permitted discovery to determine whether the administrative record is complete. *Id.* at 183–84 (citing *Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94, 103, 105–07 (W.D.N.Y. 2000); *Doe v. Travelers*, 167 F.3d 53, 58 (1st Cir. 1999) ("Finding out just what information [the fiduciary] had and why it acted as it did . . . can require discovery or even fact finding by the district court.")). Courts have also permitted discovery regarding alleged conflicts of interest and procedural irregularities. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814–15 (7th Cir. 2006) ("Although discovery is normally disfavored in the ERISA context, at times additional discovery is appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits. . . . [L]imited discovery is appropriate" where a claimant has "identif[ied] a specific conflict of interest or instance of misconduct" and has made

"a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination."); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc) ("The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise."); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993) (en banc) (countenancing limited discovery "where the payor and the administrator are the same entity and the court is concerned about impartiality"); *Hurley v. Life Ins. Co. of N. Am.*, 2006 U.S. Dist. LEXIS 48835, at *3–*4 (D.D.C. July 9, 2006) ("*Hurley II*") (reviewing *Quesinberry*).[4]

---

[4] At this stage of the litigation, the court need not determine which standard of review applies to Crummett's claims. *See Wagener*, 407 F.3d 395 (in a suit bringing § 502(a)(1)(B) claims, declining to decide which standard of review to apply to a denial of benefits when the court would have stricken the agency's interpretation under any possible alternative standard). In particular, the court need not determine whether conflicts of interest and other similar factors either alter the abuse-of-discretion/arbitrary-and-capricious/reasonableness standard of review or are simply factors to be considered when applying that standard. *See Firestone*, 489 U.S. at 115 ("'[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a facto[r] in determining whether there is an abuse of discretion." (internal quotation marks omitted)); *Abatie*, 458 F.3d at 965–69; *Chacko v. Sabre, Inc.*, 473 F.3d 604, 610 (5th Cir. 2006) ("When a conflict of interest is shown to exist, we apply a 'sliding scale,' giving less deference to the administrator's decision in proportion to the administrator's conflict. This approach does not mark a change in the applicable standard, but only requires the court to reduce the amount of deference it provides to an administrator's decision." (internal citations omitted)); *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 387–89 (3d Cir. 2000); *Armstrong v. Aetna Life Ins. Co.*, 128 F.3d 1263, 1265 (8th Cir. 1997); *Brown v. Blue Cross & Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1561–62 (11th Cir. 1990); *see also Rud v. Liberty Life Assur. Co. of Boston*, 438 F.3d 772, 774 (7th Cir. 2006) (rejecting the view that a conflict of interest, justifying heightened judicial scrutiny of ERISA decisions by administrators vested with discretion, inherently exists where the administrator is also the payor, and holding that a claimant must "demonstrate the existence of a real and not merely notional conflict of interest" to justify any kind of heightened scrutiny).

Here, Crummett has identified a conflict of interest arising from MetLife's dual role as payor and administrator. She may, therefore, seek limited discovery aimed at revealing "the nature, extent, and effect on the decision-making process of [this] conflict of interest." *Abatie*, 458 F.3d at 970; *see also Simien*, 436 F.3d at 814–15. In addition, to the extent she raises any reasonable doubts regarding the completeness of the record or identifies any procedural irregularities in the processing of her claim, she may also seek limited discovery regarding these questions. The court cautions Crummett that these exceptions to the general presumption against discovery are narrow and that the court will subject any discovery requests brought to its attention to searching scrutiny.[5]

### III.  CONCLUSION

For the foregoing reasons, it is this 16th day of July, 2007, hereby

**ORDERED** that defendants' motion for a protective order and to quash Crummett's discovery requests [#9] is **DENIED**; and it is further

**ORDERED** that defendants' motion for partial judgment on the pleadings [#10] is **GRANTED**; and it is further

---

[5] MetLife's motion seeks to quash discovery in its entirety and, for the most part, does not challenge Crummett's discovery requests with any specificity. Rather than review each of the requests *sua sponte*, the court will simply deny the motion to quash without prejudice to re-filing, should Crummett make or refuse to withdraw requests which defendants believe are inappropriate in light of this memorandum.

**ORDERED** that discovery shall be completed on or before October 3, 2007, and that, pursuant to the court's order issued on June 28, 2007, any dispositive motions shall be filed on or before November 2, 2007.

                                                                                                 Henry H. Kennedy, Jr.
                                                                                                 United States District Judge